UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| DANNY STARNER, | : | CASE NO. 15-CV-1841 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 1] |
| CHARLOTTE JENKINS, Warden, | : | |
| Respondent. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Danny Starner seeks habeas corpus relief under 28 U.S.C. § 2254 from his October 27, 2008, Ohio gross sexual imposition and rape convictions. The convictions involved Starner's stepchildren.

Magistrate Judge Burke recommends dismissing Petitioner's § 2254 habeas petition as time-barred. Petitioner objects. For the reasons below, this Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Burke's Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition.

**I. Background**

On March 5, 2008, a Marion County Court Grand Jury indicted Starner on thirteen counts of gross sexual imposition under Ohio Revised Code § 2907.05(A)(4), and nineteen counts of rape of a child under the age of thirteen under § 2907.02(A)(1)(b).[1] On April 30, 2008, Ohio re-indicted Starner to supply an additional mens rea allegations.[2] Starner pleaded not guilty to the charges.[3]

---

[1] Doc. 7-1 at 3–9. This Court relies on the state court record, Doc. 7-1, and the Report and Recommendation, Doc. 20, for this case's procedural history.
[2] *Id.* at 10–17.
[3] *Id.* at 18.

Case No. 15-1841
Gwin, J.

On October 27, 2008, and after a trial, the jury returned a guilty verdict on twenty-two counts in the indictment—eight counts of gross sexual imposition and fourteen counts of rape.[4]

With its December 10, 2008 journal entry, the trial court sentenced Starner to an aggregate sentence of 30 years to life in prison.[5]

On January 6, 2009, Starner appealed.[6] On November 2, 2009, the Ohio Court of Appeals affirmed the judgment of the trial court.[7]

On December 17, 2009, Starner appealed to the Ohio Supreme Court.[8] On March 10, 2010, the Ohio Supreme Court denied Starner leave to appeal and dismissed his appeal as not involving any substantial constitutional question.[9] Starner did not petition for a writ of certiorari from the United States Supreme Court.

Ohio argues that Petitioner Starner was required to petition for any habeas relief within one-year from when the Ohio Supreme Court denied jurisdiction and the Ohio Court of Appeals decision became final.

On June 11, 2015, Starner filed a *pro se* motion for leave to file an Ohio Appellate Rule 26(B) application to reopen his case.[10] On July 6, 2015, the Ohio Court of Appeals denied his application as untimely.[11] The Ohio Court of Appeals found that Starner failed to show good cause for his lateness or set forth any genuine issue as to whether he was deprived of effective appellate counsel.[12]

---

[4] *Id.* at 19.
[5] *Id.* at 20–21.
[6] *Id.* at 30–31. Starner raised prosecutorial misconduct, improper computer evidence, deficient representation, and lack of inculpatory evidence as assignments of error.
[7] Doc. 7-1 at 132–88.
[8] *Id.* at 189–209.
[9] *Id.* at 221.
[10] *Id.* at. 222–58.
[11] *Id.* at 259–60.
[12] *Id.*

Case No. 15-1841
Gwin, J.

On August 27, 2015, Starner filed this *pro se* § 2254 habeas petition.[13] On May 31, 2016, Magistrate Judge Burke issued a Report and Recommendation.[14] The Report and Recommendation recommends that this Court dismiss Petitioner's § 2254 habeas petition as time-barred. The Report and Recommendation also finds that Petitioner is not entitled to equitable tolling and that Petitioner's actual innocence argument loses.

On July 19, 2016, Petitioner objected to the Report and Recommendation.[15] Petitioner says that he is actually innocent and that he is entitled to equitable tolling.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the Report and Recommendation to which the parties have properly objected.[16] A district court may adopt without review parts of the Report and Recommendation to which no party has objected.[17]

The Antiterrorism and Effective Death Penalty Act of 1996[18] controls habeas review of state court proceedings. A petitioner seeking relief under § 2254 must file his petition within one year of the date on which his state court conviction became final, subject to tolling.[19] The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."[20]

---

[13] Doc. 1. Respondent filed a return of writ. Doc. 7. Petitioner filed a traverse. Doc. 14.
[14] Doc. 20.
[15] Doc. 23. Petitioner's document is styled as a traverse. However, this Court reads Petitioner's document as objections to the Report and Recommendation.
[16] 28 U.S.C. § 636(b)(1).
[17] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[18] 28 U.S.C. § 2241 *et seq*.
[19] *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).
[20] 28 U.S.C. § 2244(d)(1)(A).

-3-

Case No. 15-1841
Gwin, J.

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending.[21] An untimely or otherwise improper application for post-conviction or collateral review is not considered "properly filed" and does not toll the statute of limitations.[22]

### III. Discussion

Petitioner's August 27, 2015 § 2254 habeas petition is untimely. Petitioner's conviction became final on May 10, 2010, 90 days after the Ohio Supreme Court declined jurisdiction and after Petitioner did not petition for a writ of certiorari from the United States Supreme Court. The AEDPA one-year statute of limitations expired on May 11, 2011. Starner filed his August 27, 2015 § 2254 petition more than four years after the limitations period expired.

Starner's June 11, 2015 Rule 26(B) application does not extend or reset the one-year AEDPA statute of limitations and does not make Starner's § 2254 petition timely. The Rule 26(B) application was untimely when Starner filed it, so it was not "properly filed" for tolling purposes.[23] And the June 11, 2015 Rule 26(B) application did not reset the statute of limitations.

Starner also says that the 2014 Supreme Court case *Riley v. California*[24] resets his one-year AEDPA statute of limitations. This argument loses.

*Riley* held that police may not search the contents of a suspect's cell phone without a search warrant.[25] The Report and Recommendation correctly points out that 1) the police searched Starner's computers, not his cell phone, 2) the police had a warrant, 3) *Riley* is not retroactive and therefore does not trigger § 2244(d)(1)(C),[26] and 4) Starner filed his § 2254

---

[21] *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005); *Searcy v. Carter*, 246 F.3d 515, 517–18 (6th Cir. 2001) *cert. denied*, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2).
[22] *Allen v. Siebert*, 552 U.S. 3, 7 (2007) (per curiam).
[23] *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).
[24] __ U.S. __, 134 S.Ct. 2473 (2014).
[25] *Id.* at 2493.
[26] *Cleveland v. Soto*, No. 16-2118-DSF (GJS), 2016 WL 3710199, at *4 (C.D. Cal. May 11, 2016), *report and recommendation adopted*, No. CV 16-2118-DSF (GJS), 2016 WL 3704490 (C.D. Cal. July 12, 2016) (collecting cases).

-4-

Case No. 15-1841
Gwin, J.

petition more than one year after the Supreme Court decided *Riley*. *Riley* does not reset Petitioner's AEDPA statute of limitations.

Petitioner says that he is entitled to equitable tolling. This argument loses.

A petitioner is entitled to equitable tolling when he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition.[27] The petitioner bears the burden of establishing entitlement.[28]

In this case, Petitioner filed his § 2254 habeas petition over five years after the Ohio Supreme Court's March 10, 2010 decision declining jurisdiction over his case. As the Report and Recommendation points out, even taking all of Starner's points as true, the difficulties Starner faced in incarceration do not justify a five-year delay in filing for habeas relief. Such a delay suggests that Starner was not diligently pursuing his rights. Starner's other *pro se* motions during this time underscore that Starner knew how to file for relief with the Court. However, Starner chose to pursue other avenues of investigation, such as looking into funds allegedly stolen by his attorneys, rather than seeking habeas relief.

Finally, Petitioner's actual innocence argument loses. As the Sixth Circuit explained:

> [A] petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. A valid claim of actual innocence requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The evidence must demonstrate factual innocence, not mere legal insufficiency.[29]

Most of Petitioner's objections either attack the credibility of trial witnesses or allege defense counsel and judicial misconduct. This Court does not re-assess the credibility of

---

[27] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).
[28] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).
[29] *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (internal citations omitted).

Case No. 15-1841
Gwin, J.

witnesses in state court jury trials or reweigh testimony. Allegations that Starner's defense counsel improperly accessed Starner's bank accounts or stole money do not affect whether Starner is factually innocent of rape. Similarly, allegations of judicial misconduct in other cases do not affect Starner's innocence.

Starner also points to physical evidence to argue factual innocence. As the Report and Recommendation points out, these pieces of physical evidence were presented at trial and are therefore not "new" for actual innocence purposes. The jury already considered 1) that one of the victim's clothing did not have Starner's DNA, 2) that Starner had low testosterone levels, and 3) that the electronic dates of the photos found on Starner's computer were different from the dates the photos were taken. The jury nevertheless convicted Starner. Petitioner brings no new evidence to support his actual innocence claims.

### IV. Conclusion

For the reasons above, this Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Burke's Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition.

IT IS SO ORDERED.


Dated:  August 4, 2016                                     *s/         James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE